CROWDIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-237-CR

CHRISTOPHER MICHAEL CROWDIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Christopher Michael Crowdis pled guilty to aggravated sexual assault of a child under fourteen years of age.  The trial court placed him on deferred adjudication community supervision for five years and assessed a five hundred dollar fine.  On May 7, 1997, the State filed its first amended petition to proceed to adjudication.  The trial entered a judgment adjudicating appellant’s guilt and assessing his punishment at seventy five years’ confinement.  This court affirmed appellant’s conviction on March 26, 1998.
(footnote: 2)  In September 2002, appellant filed a motion for post-conviction forensic DNA testing,
(footnote: 3) which the trial court denied.  The trial court entered findings of fact and conclusions of law, which provided in pertinent part the following:

FINDINGS OF FACT

1. The Arlington Police Department Property and Evidence Room were never in possession of any physical evidence.

2. The child victim was examined eleven days after the assault by a physician. . . . .

3. Defendant was accused of digitally penetrating the child victim. . . . .

4. There is no evidence in the court’s file to suggest that a reasonable probability exists that Defendant would be exonerated by DNA testing. 

CONCLUSIONS OF LAW 

1. The trial court may order DNA testing if it finds, among other things, that evidence exists in a condition making DNA testing possible. . . . . 

2. No evidence exists in a condition making DNA testing possible.

3. The trial court may order DNA testing if it finds, among other things, that the convicted person establishes by a preponderance of the evidence that a reasonable probability exists that he would not have been convicted if exculpatory results had been obtained through DNA testing. . . . .

4. Defendant is unable to prove by a preponderance of the evidence that there exists a reasonable probability that he would not have been convicted.

5. This Court 
DENIES
 Defendant’s motion for DNA testing.  

In his sole point, appellant argues that the trial court may have improperly considered his plea of guilty in denying his request for DNA testing.  We affirm. 

In reviewing a trial court’s decision on a DNA request, we employ a bifurcated standard of review.  We afford almost total deference to a trial court’s determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor while reviewing de novo other applications of law to fact issues.  
See Whitaker v. State
, No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004), 
cert. denied
, 125 S. Ct. 194 (2004); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), 
cert. denied
, 539 U.S. 978 (2003).

Here, appellant offers no evidence that the trial court considered his guilty plea when it denied his motion for post-conviction forensic DNA testing.  
See 
Tex. Code Crim. Proc. Ann
.  art. 64.03(b) (prohibiting convicting court from finding that identity was not at issue solely on basis of guilty plea).  In an affidavit, the property custodian for the Arlington Police Department stated that no physical evidence was ever booked into the Arlington Property and Evidence Room.  Moreover, according to the trial court’s findings of fact and conclusions of law, the trial court denied appellant’s motion because no evidence existed in a condition making DNA testing possible and because appellant did not prove by a preponderance of the evidence that a reasonable probability existed that he would not have been convicted if exculpatory results had been obtained through DNA testing.  
See id. 
art. 64.03(a)(1)(A)(i); Act of April 3, 2001, 77th Leg., R.S., ch. 2, ྷ 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon Supp. 2004-05)).  Therefore, we overrule appellant’s sole point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 17, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4

2:
Crowdis v. State
, No. 02-97-00479-CR (Tex. App.སྭFort Worth Mar. 26, 1998, no pet.) (not designated for publication).  

3:
See
 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2004-05)).
 
 Although article 64 was amended in 2003, this appeal is governed by the 2001 law.  
See
 Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).